UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE GIPSON,<br><br>    Petitioner,<br><br>  v.<br><br>TERESA SCHWARTZ, warden,<br><br>    Respondent.                       / | No. C 06-5463 SI (pr)<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE** |

### INTRODUCTION

Lonnie Gipson, a prisoner currently in custody at the California Medical Facility in Vacaville, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2002 conviction. Now before the court for consideration is respondent's unopposed motion to dismiss the petition as time-barred. The court finds that the petition was timely filed and denies the motion to dismiss. The court will set a briefing schedule for the merits of the petition.

### BACKGROUND

Gipson was convicted in Santa Clara County Superior Court of assault with a deadly weapon or by force likely to produce great bodily injury. He was found to have suffered prior felony convictions and a prior prison term. He was sentenced to a total of 17 years in prison. He appealed. The California Court of Appeal affirmed his conviction on April 20, 2004, and the California Supreme Court denied his petition for review on July 21, 2004.

1    Gipson filed two state habeas petitions. Gipson filed a petition for writ of habeas corpus
2 in the California Supreme Court on July 8, 2004, while his petition for review was pending. The
3 habeas petition was denied on June 8, 2005.

4    On October 13, 2005, Gipson filed another habeas petition in the California Supreme
5 Court. It was denied with a citation to In re Clark, 5 Cal.4th 750 (Cal. 1993), on July 19, 2006.

6    The petition in this action was dated August 28, 2006, stamped "filed" September 6,
7 2006, and came to the court in an envelope postmarked August 30, 2006. Under the prisoner
8 mailbox rule, Gipson's petition is deemed filed on August 30, 2006, as there is no statement he
9 gave the petition to prison officials any earlier than the date on which it was mailed. See
10 Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas
11 petition is deemed filed when prisoner delivers petition to prison authorities for mailing), vacated
12 and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

13   Respondent filed a motion to dismiss the action on the ground that the petition was
14 untimely filed. Gipson did not file an opposition to the motion.

## DISCUSSION

A.    Respondent's Motion To Dismiss

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

1 judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period also can be
2 equitably tolled, but that is not necessary in this action.

3   The one-year limitations period for Gipson started on June 9, 2005. The limitations
4 period would have started on October 19, 2004, the date on which the judgment became final
5 after the conclusion of direct review. See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d
6 1157, 1159 (9th Cir. 1999) (direct review period includes the 90-day period during which the
7 petitioner could have filed a petition for writ of certiorari, regardless of whether he did so).
8 However, Gipson's first state habeas petition was already pending on that date and caused the
9 limitations period to be statutorily tolled, see 28 U.S.C. § 2244(d)(2), as soon as it would
10 otherwise have started. Once Gipson's first state habeas petition was denied by the California
11 Supreme Court on June 8, 2005, the statutory tolling period ended. The limitations period began
12 the day after Gipson's first state habeas petition was denied. Cal. Rule of Court 29.4(b)(2)(C);[1]
13 see also Lawrence v. Florida, 127 S. Ct. 1079, 1086 (2007) (petitioner does not receive
14 additional time for the period when he might file a petition for writ of certiorari following the
15 denial of habeas petition, unlike a direct appeal). The presumptive deadline for Gipson to file
16 his federal petition was June 9, 2006.

17   Gipson's second state habeas petition was filed on October 13, 2005, four months into the
18 limitations period and tolled the limitations period for the time during which it was pending, i.e.,
19 from October 13, 2005 through July 19, 2006.

20   Respondent argues that no statutory tolling should be allowed due to the rule that a state
21 habeas petition is not "properly filed" for purposes of § 2244(d)(2) if it is filed after a state-
22 imposed time limit and does not fit within any exception to that time limit. See Pace v.

---

[1] The Ninth Circuit held in 2002 that the statutory tolling ended thirty days after the California Supreme Court's denial of the final habeas petition was filed because that was when the denial became "final" under the former California Rule of Court 24. Allen v. Lewis, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001)). However, the rationale of Allen v. Lewis only applies to denials the California Supreme Court filed before January 1, 2003. On January 1, 2003, the California Supreme Court made clear that its orders denying petitions for writ of habeas corpus within its original jurisdiction are final on filing. See Cal. Rule of Court 29.4(b)(2)(C).

1  DiGuglielmo, 544 U.S. 498 (2005); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005). Respondent points to the California Supreme Court's citation to In re Clark, 5 Cal.4th 750 (1993), as evidence that the second state habeas petition was rejected as unjustifiably delayed under state law and therefore warrants no statutory tolling.

The problem with respondent's argument is that the citation to Clark is ambiguous because the California Supreme Court did not cite to any particular page in the Clark opinion when it denied Gipson's second habeas petition. See Resp. Exh. C. Clark discussed more than just the untimeliness procedural bar; it also discussed the problems of piecemeal and/or repetitious habeas petitions. See Clark, 5 Cal. 4th at 767-70, 774-81. Because it cannot be determined whether the citation to Clark in the rejection of a second habeas petition filed four months after the denial of the first habeas petition was a denial for untimeliness as opposed to a denial because it was piecemeal or repetitious litigation, this court does not accept respondent's assertion that it was a rejection for untimeliness. Although the limitations period is tolled for the time during which Gipson's second state habeas petition was on file, it is not tolled for the time between the denial of the first state habeas petition and the filing of the second state habeas petition in the California Supreme Court because they were not part of a single round of state habeas review. See Delhomme v. Ramirez, 340 F.3d 817, 821 (9th Cir. 2003).

When the second state petition was denied on July 19, 2006, there was still almost eight months left in the limitations period. Gipson filed this action on August 30, 2006, about six weeks later and with about six months remaining in the limitations period. Gipson's federal petition was filed within the limitations period. The motion to dismiss will be denied.

B.   Review Of The Claims In The Petition

Having determined that the petition is timely, the court now reviews the claims in the petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

4

1  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A
2  district court considering an application for a writ of habeas corpus shall "award the writ or issue
3  an order directing the respondent to show cause why the writ should not be granted, unless it
4  appears from the application that the applicant or person detained is not entitled thereto." 28
5  U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are
6  vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v.
7  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

8  The petition asserts the following claims: First, Gipson alleges that his right to due
9  process was violated when the prosecutor engaged in misconduct by introducing false testimony
10 and using an unreliable witness. Second, he alleges that the trial court "erred in not finding an
11 inference of discrimination in the prosecution peremptory excusal of 3 African Americans" from
12 the jury, Petition, p. 5 (errors in source), which appears to be a claim for an equal protection
13 violation under Batson v. Kentucky, 476 U.S. 79 (1986). Third, Gipson alleges that he received
14 ineffective assistance of counsel in that his public defender failed to argue to the jury that
15 Wallace Gipson was a mentally incompetent witness and failed to argue that the prosecutor had
16 introduced false evidence.  Fourth, Gipson alleges that he received ineffective assistance of
17 appellate counsel in that counsel failed to argue that the prosecutor used Gipson's prior
18 conviction and failed to argue the ineffectiveness of trial counsel, and failed to argue that the
19 prosecution "had coerced a mental patient to give false testimony." Petition, p. 6. Liberally
20 construed, the claims are cognizable in a federal habeas action and warrant a response.

## CONCLUSION

For the foregoing reasons,

1. Respondent's motion to dismiss is DENIED. (Docket # 6.)

2. The petition states cognizable claims for habeas relief and warrants a response.

3. Respondent must file and serve upon petitioner, on or before **June 22, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

5

1 showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the
2 answer a copy of all portions of the court proceedings that have been previously transcribed and
3 that are relevant to a determination of the issues presented by the petition.

4     4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse
5 with the Court and serving it on respondent on or before **July 27, 2007**.

6     IT IS SO ORDERED.

7 DATED: May 11, 2007

                              SUSAN ILLSTON
8                             United States District Judge